Shhhhhhh Bang Alright Please be seated Recording in progress Alright, our next case on the docket is 5-24-0656 People v. Tinsley Appellant, if you are ready, please identify yourself for the record and you may proceed Thank you. May it please the court, my name is Elizabeth Karate and I represent Amore Tinsley in this matter Counsel Amore's appeal presents his court with one question Did his pro se post conviction petition meet the very low threshold of the first standard, the first stage of proceedings and merit second stage post conviction proceedings? Because his petition did state the gist of a meritorious claim He asked that this court reverse and remand for the appointment of counsel and assistance at the second stage of proceedings Dismissal of a post conviction petition at the first stage is only appropriate if the petitioner does not state at least one claim that is not frivolous or patently without merit, meaning that it is not based on an indisputable legal theory or fanciful factual allegations Here, Amore stated two such claims that meet that standard He alleged ineffective assistance of counsel, that his counsel did not seek an expert to support the theory of defense at sentencing And that counsel did not investigate available witnesses and evidence that would have supported defense claims that were or could have been made at sentencing that regarding Jerome's character and propensity for violence The more detailed and supportive evidence for the sequence of events on the date in question And details about an incident two days prior to the charged conduct that informed Amore's decision to arm himself at school Now, both of these claims have an arguable basis in fact and in law And that is the first stage, that is the standard of the first stage of proceedings That counsel's conduct was arguably unreasonable and arguably prejudicial to Amore's sentencing Now, to be clear, Amore is not asking to vacate his guilty plea or conviction He's not asking for this court to reduce or vacate his sentence He's not asking for this court to order the appointment of an expert or to order discovery on remand He's simply asking that this court find that he met the just standard and that he should be remanded for the appointment of counsel to assist in developing these claims at the second stage of proceedings Now, these claims are also not forfeited or waived And that's been a strong argument of both the court below and of the state on appeal These are not the same claims that were raised in direct appeal Nor could they have been because they are based on, at least in part, on facts and factors that are outside of the record Such as what counsel did not do, conversations between Amore and his counsel Those are not matters of the record Amore did a FOIA request and there are witness comments on the incident and the previous incident in that return And there are details about Jerome's history and reputation in the community In the petition itself that add to detail to what was and was not available at sentencing So, because counsel's inactions in this case are at least arguably unreasonable And at least arguably prejudice Amore at sentencing They meet that very low first stage standard And unless this court has questions, I'll reserve any remaining issues for rebuttal And ask that this court, because Amore's petition states at least one claim And this court can grant relief on either or both claims That is not based on an indisputable legal theory or frivolous factual allegations That this court reverse and remand for second stage proceedings So that Amore can develop his claims with the assistance of counsel Thank you No question No, but I was going to point out, I believe this case, again, may run together But there was a motion filed to cite additional authority to the Spitzer case And I think that was originally denied because the mandate was not final The mandate has since been issued and a motion to reconsider was filed And I believe we voted to take the motion with the case, is that correct? Yes That was by the state, and so I have no objection, your honor I will just say briefly that while it's certainly relevant authority It's absolutely not dispositive And it emphasizes some of the confusion that the state has in its brief That this is somehow a Miller claim or a Miller-adjacent claim And it is not This is not a case where we're talking about life without parole Or an unconstitutional sentence We're talking about what counsel could and should have done at the sentencing hearing To better support his arguments in mitigation So the issue is whether those actions could have impacted the sentence at all And not whether we're looking at an unconstitutional sentence So thank you for that clarification All right, thank you Thank you Appellee, you may proceed Please identify yourself for the record Good morning, your honor Please record, counsel John Barrett, the pardon me, on behalf of the people of the state of Illinois Can you hear me? Am I going through okay? Yes, we can hear you just fine Okay, good I am getting started here Today I will demonstrate three essential points First, defendant's claims are forfeited under Blair Because the essential information he relies on Was fully present in the original trial record And available on direct appeal Second, his claim regarding expert testimony On youth fails on the merits The bright line in the rule for youth protections Remains fixed at age 18 And the record shows the trial court Already thoroughly considered the way it defends youth Against the aggravating circumstances Third, his claim regarding counsel's investigation Fails under Strayhorn No competent attorney would pursue evidence That is either legally irrelevant Or objectively harmful to the defendant at sentencing But before turning to forfeiture It's important to note the defendant's petition Is asking this court to ignore The factual and legal framework Established in this case Defendant's argument hinges on people Being brave to suggest His guilty plea was not a wholesale Acceptance of the factual basis Of this plea This reliance mischaracterizes brave Which involved using a third party Witness' plea as evidence In a contested jury trial Brave prevents bootstrapping Of collateral facts through a witness' plea To prove a defendant's guilt It doesn't give defendants the right To admit to a detailed factual basis And claim guilty And later dismiss those admissions As irrelevant collateral matters Unlike brave Which involves skewed facts during a jury trial This case involves Defendant's voluntary plea of guilty Which he has never sought to withdraw The facts he admitted That he shot an unarmed man Who was attempting to retreat Are not collateral matters They are at the core of his conviction Additionally, those facts Are not the law of the case On direct appeal, this court Made conclusive findings that Jerome was not the aggressor After the parties separated He was not armed And his retreat negated any inference of mutual combat These are not contested facts They are a set of law following direct appeal Most importantly This case centers on allegations of Sentencing ineffectiveness Not trial ineffectiveness Lynch principles about the victim's Character don't apply When the essential facts are established This renders defendants entire Theory of provocation which relies on Lynch At this stage Lynch principles are a tool for trial They negate impurity in deciding Who the aggressor was in a disputed Confrontation That question is irrelevant In sentencing Defendant also fails to provide Any analysis of why a Lynch motion Would have been successful at sentencing Here the court knew from defendants Guilty plea that the confrontation Had ended and the victim Was retreated Counsel cannot be effective for pursuing Actual litigation evidence rather than Meaningly mirrorless facts on the victim's Character at sentencing after Guilt has already been established Now turning to forfeiture This threshold issue of forfeiture Is dispositive I don't want to belabor the point that the brief That the people's brief goes into Sufficient detail to support it But I just want to mention that Under the appeal Issues that could have been raised on direct Appeal but were not are forfeited Defendants claims here Fall squarely Under this category Now do you know Gary Whether the victim in this case His criminal history was In the record It was fully documented In his sworn evidence deposition He testified to his two prior Felony convictions for aggregated battery The FOIA request Does not Present new evidence This is just expanding out on this Notion that the victim was Somehow Responsible For what happened But as this Is not a case Where there was mutual Comment or violence On the part of the victim So There's no dispute about that Defendant isn't attempting To withdraw their plea here So this idea In Blair that issues Could have been raised but were not Are forfeited I think Applies to this case But even if we look at the merits Even if we turn to the merits This argument Is important to a more established precedent As the 4th district In people being mass murdered Decided that the constitutional protections For youthful offenders do not extend Beyond the bright line of Rule 18 Here defendant even Here argument today In brief Acknowledges that they're not Raising a Miller claim And in context matters because Here we don't have a proportionate penalties Point being brought That's the This is why In Masters we got to the 3rd stage We have a proportionate penalties claim Being brought Here there's no Miller type claim There's no proportionate penalties claim We have a claim of Ineffective Assistance based on Flawed reading of the facts And the law in this case Looking at the investigation claims Under Strickland's objective Reasonable to this standard There's no compliment attorney who would present The evidence he now suggests is sentencing As the people addressed Any attempt to introduce lynched evidence About the victim's character is legally Irrelevant in sentencing This argument is weakened By the petition's own evidentiary flaws On page 21 of the opening brief Defendant improperly cites arguments From the victim's attorney's brief In a separate federal case As if it established facts about The victim's purported violent tendencies This reliance on Improper source rather than actual Evidence underscores the speculative Nature of the claims Here we don't have Witness evidence We have no Witness evidence from either an expert Or other witnesses that support Any of these claims That alone shows the Insufficiency of The petition and That the trial Court's dismissal of the petition At the first stage was warranted Second, the evidence in the January 25th incident at the Cadillac Lounge was objectively harmful Not mitigated Competent counsel would never Produce facts showing their client Was present at a bar or underage With dangerous associates during The incident of gun violence Just two days before he Brought a gun to school This evidence does not suggest mitigation It shows premeditation Directly contradicting the heat of the moment Here the defense sought to establish And give the trial court Even more reason to impose a higher sentence In his In his reply brief The defendant argues that the people are Improperly speculating about Trial counsel's strategy Which he asserts is not appropriate At the first stage This mischaracterizes our argument The people are not speculating about What was in counsel's mind They are applying an objective reasonableness standard For scrutiny The analysis is not subjective But legal and objective Under the laws of this case Where the victim is retrieved Character evidence about him is legally irrelevant Evidence of a prior Gun related incident was objectively Harmful because it supported premeditation We have not asked This court to read counsel's mind But to recognize that no competent Attorney would introduce evidence That is legally irrelevant or strategically Self-destructive For these For these reasons The circuit court properly dismissed The defendant's post-conviction petition At the first stage And now I will Turn it over for any questions That you may have I know we're short on time Any questions? No questions Thank you counsel Mr. Bettle I'd like to Focus this court's attention On the issues Of What is and isn't relevant Or admissible in sentencing Counsel wants to argue Limits about trial strategy I agree The issues of provocation And self-defense Or imperfect self-defense Are enshrined in our statute  As appropriate consideration For mitigation What we're talking about here in this post-conviction petition Is context Omori Has never Done anything but plead guilty And stick with his plea He's not asking for anything else He agrees that what he did Was wrong He agrees that it was both legally and morally Wrong What he's asking isn't it for an attorney Who can give the court Context about his decisions Shortly after his 18th birthday And how his youth And personal characteristics And other events In his life Between these parties And the reputation of the adult man involved In this situation How that impacted his decision making On that day And that is absolutely relevant To sentencing And an appropriate Consideration for trial Counsel and for the court But at the sentencing hearing Didn't the trial judge go through His youth His background All these things And discuss those in the ruling To some degree he did And we're not arguing that This is an issue of what Should have been before the trial court Not what was And we've learned From case law and from Experience that An expert's understanding Of what youth is And a lay person or an attorney Or the court's understanding Of how a particular Person such as Amore at just 18 With how those factors In his life impacted him Specifically So it is an individual case And you know The state goes on That you know 18 is the line 18 is the line But even Roper in 2005 says For purposes of our decision 18 is the line between adult And juvenile But it doesn't mean that those characteristics Stop at age 18 And when we get past age 18 That's where we really need to see that Expert opinion And evidence So that we can understand How this applies to someone who is Legally speaking an adult And again we're not asking For the court, and it's not appropriate To make factual or credibility Determinations at this stage What we're asking is the ability to develop this And it may be that it goes back And counsel is unable To make a meritorious claim going forward But we can't know that without Appropriate second stage Proceedings And one other point The post-conviction law Allows for discovery, it allows for Counsel, and it allows for The appointment of an expert So if the lack of that And that means that The lack of those The lack of expert Witness evidence at this stage Is not dispositive And it's certainly too much to ask of A person convicted shortly after 18 and proceeding pro se At the first stage of post-conviction Petition, so unless this court Has other questions, we simply ask that This court reverse the remand For second stage proceedings Where counsel can assist in the development of these claims Thank you very much We will take this matter under advisement And issue a ruling in due course Thank you